# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-94V

```
* * * * * * * * * * * * * * * * * * * * * * * * *   *
                                                    *
JANE DOE,                                           *
                                                    *
                                                    *
                Petitioner,                         *   Special Master Katherine E. Oler
                                                    *
v.                                                  *
                                                    *
                                                    *
SECRETARY OF HEALTH AND                             *   Filed: June 12, 2024
HUMAN SERVICES,                                     *
                                                    *
                                                    *
                Respondent.                         *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Leah Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner
*Lynn Schlie*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

      On January 28, 2020, Jane Doe ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). Petitioner alleges she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccination she received on September 14, 2018. Pet. at 1. On November 27, 2023, Petitioner was awarded $90,000.00 for pain and suffering. ECF No. 53 (hereinafter "Stipulation Decision") at 2.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

Petitioner filed a motion for final attorneys' fees and costs on June 4, 2024, requesting a total of $77,313.96. ECF No. 59 (hereinafter "Fees Application"). Respondent responded to the motion on June 10, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 60 ("Fees Resp.") at 2, 3.

I hereby **GRANT** Petitioner's application and award a total of **$77,313.96** in attorneys' fees and costs.

## I.  Legal Standard

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned finds that the claim possessed good faith and reasonable basis while it was pending before the Court and notes that Respondent has also indicated in his response that he is satisfied both have been met as well. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.  Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim

could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius*, 984 F.3d at 1380 (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of*

*Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. at 2-4. I find that the petition was filed in good faith.

With regard to reasonable basis, Petitioner received a stipulated award of $90,000.00 for her pain and suffering. Because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

### B. Attorneys' Fees

Petitioner retained Ms. Leah Durant to represent her in this matter. *See* Fees App. Petitioner requests a total of $65,709.80 in attorneys' fees. *Id.* at 1.

#### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf.
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL

Petitioner requests compensation for her attorney, Ms. Durant at the following hourly rates: $377.00 per hour for work performed in 2018; $380.00 per hour for work performed in 2019; $395.00 per hour for work performed in 2020; $422.00 per hour for work performed in 2021; $441.00 per hour for work performed in 2022; $463.00 per hour for work performed in 2023; and $486.00 per hour for work performed in 2024. ECF No. 59-1.

Petitioner also requests a number of rates for other attorneys and paralegals at the Durant law firm but because the attorney hour log contains only initials, I will not list all of the individuals who have worked on this case. Ms. Durant and her colleagues have been awarded their requested rates, including their 2024 rates, by other Special Masters. *See, e.g.*, *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-127V, 2024 WL 2814543 (Fed. Cl. Spec. Mstr. Apr. 25, 2024); *Robichaux v. Sec'y of Health & Hum. Servs.*, No. 21-373V, 2024 WL 1805286 at *2 (Fed. Cl. Spec. Mstr. Mar. 25, 2024); *Linville v. Sec'y of Health & Hum. Servs.*, No. 18-439V, 2024 WL 706876 (Fed. Cl. Spec. Mstr. Jan. 26, 2024). I will award Ms. Durant and her colleagues their requested hourly rates.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and

---

5634323.

endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel has provided a breakdown of hours billed. I find the hours to be largely reasonable, and will grant them in full. I note that Ms. Durant filed many of the documents in this case, which is normally work that is not compensated, but given the unique circumstances of this case, I will grant these hours in full.

I award Petitioner a total of **$65,709.80** in attorneys' fees.

### C. Reasonable Costs

Petitioner requests a total of $11,604.16 in attorneys' costs: $1,779.16 for medical record requests; $1,375.00 for medical record review by Mr. Timothy Hancock; $8,050.00 for Dr. Uma Srikumaran's expert costs; and $400.00 for the Court's filing fee. Petitioner provided documentation for all of these expenses. *See* Fees App., Ex. B. I find the costs for the medical records requests and Court's filing fee to be reasonable. I discuss the medical records review and Dr. Srikumaran's costs below.

#### 1. Medical record review by Timothy Hancock, B.S.

Two invoices were submitted by Mr. Hancock for "medical review." ECF No. 59-2 at 2. In total, Mr. Hancock billed 5.5 hours for "record review" and 5.5 hours for "report," requesting $125.00 per hour, for a total of $1,375.00. *See* ECF No. 59-2 at 6, 12. No additional information about Mr. Hancock's review or report was submitted. I warn Petitioner that future invoices in this format will not be awarded as I cannot discern what work Mr. Hancock has performed in this case. I additionally note that his invoices contain block billing. I grant this cost in this instance because Petitioner's medical records were quite voluminous and other Special Masters have previously awarded Mr. Hancock's costs. *See, e.g., Kabelitz v. Sec'y of Health & Hum. Servs.*, No. 17-466V, 2023 WL 4543732 at *2 (Fed. Cl. Spec. Mstr. June 30, 2023); *Scott v. Sec'y of Health & Hum. Servs.*, No. 18-1246V, 2022 WL 226050 at *2 (Fed. Cl. Spec. Mstr. Jan. 5, 2022); *Ray v. Sec'y of Health & Hum. Servs.*, No. 16-1388V, 2020 WL 7392396 at *3 ( Fed. Cl. Spec. Mstr. Nov. 12, 2020).

#### 2. Petitioner's Expert Costs for Uma Srikumaran, M.D.

Dr. Srikumaran submitted one invoice for 8.05 hours of work at an hourly rate of $1,000.00 per hour. Although I have not previously set or granted Dr. Srikumaran's requested hourly rate, other special masters have discussed Dr. Srikumaran's credentials as an orthopedic surgeon and have awarded him his requested rate. *See, e.g., Grossmann v. Sec'y of Health & Hum. Servs.*, No. 18-13V, 2024 WL 706874 (Fed. Cl. Spec. Mstr. Jan. 26, 2024) (finding Dr. Srikumaran's hourly rate reasonably but declining to award the costs as duplicative); *Jensen v. Sec'y of Health & Hum. Servs.*, No. 18-1458V, 2024 WL 1056145 (Fed. Cl. Spec. Mstr. Jan. 17, 2024); *Garcia v. Sec'y of Health & Hum. Servs.*, No. 18-438V, 2024 WL 1069904 (Fed. Cl. Spec. Mstr. Jan. 17, 2024); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 at *10 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I note that given Dr. Srikumaran's credentials and the total number of hours

spent on this case, Dr. Srikumaran's total bill is reasonable; thus I grant costs associated with Dr. Srikumaran in full.

I award Petitioner a total of **$11,604.16** in attorneys' costs.

### III.   Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$77,313.96**, representing reimbursement of Petitioner's attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.